UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

       - v. -                        :

HARRY VARGAS,                   :
    a/k/a "Mo,"
    a/k/a "Peter Perez,"
    a/k/a "P Murder,"            :
    a/k/a "Dough Boy,"
DANNY CHOU,                     :
    a/k/a "Chino,"
SALEM LNU,
BENJAMIN RIVERA,                :
    a/k/a "Papo,"
CHRISTIAN SALAS,
LOUIS MORAN,
    a/k/a "Flaco,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - x

**INDICTMENT**

S1 07 Cr.

**07 CRIM 1099**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 5 2007

## COUNT ONE

The Grand Jury charges:

1.  From at least in or about July 2005, through at least in or about September 2007, in the Southern District of New York and elsewhere, HARRY VARGAS, a/k/a "Mo," a/k/a "Peter Perez," "P Murder," a/k/a "Dough Boy," DANNY CHOU, a/k/a "Chino," SALEM LNU, BENJAMIN RIVERA, a/k/a "Papo," CHRISTIAN SALAS, LOUIS MORAN, a/k/a "Flaco," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

        2.  It was a part and object of the conspiracy that

HARRY VARGAS, a/k/a "Mo," a/k/a "Peter Perez," "P Murder," a/k/a "Dough Boy," DANNY CHOU, a/k/a "Chino," SALEM LNU, BENJAMIN RIVERA, a/k/a "Papo," CHRISTIAN SALAS, LOUIS MORAN, a/k/a "Flaco," the defendants and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.

Overt Acts

3.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     On or about July 26, 2005, HARRY VARGAS, a/k/a "Mo," a/k/a "Peter Perez," "P Murder," a/k/a "Dough Boy," BENJAMIN RIVERA, a/k/a "Papo," and SALEM LNU, the defendants, possessed approximately 10 kilograms of cocaine.

b.     On or about January 6, 2006, in the Bronx, New York, DANNY CHOU, a/k/a "Chino," SALEM LNU, and LOUIS MORAN, a/k/a "Flaco," the defendants, possessed approximately $1.7 million in the proceeds of illegal narcotics trafficking.

c.     On or about February 8, 2006, DANNY CHOU, a/k/a "Chino," the defendant, in the Bronx, New York, possessed approximately 12 kilograms of cocaine.

        d.    On or about February 23, 2006, CHRISTIAN SALAS, the defendant, traveled from the Bronx, New York, to New Jersey, to meet an individual and arrange for the delivery of approximately 50 kilograms of cocaine and pick up of narcotics proceeds.

        e.    On or about February 23, 2006, SALEM LNU, the defendant, possessed approximately 50 kilograms of cocaine and narcotics proceeds.

        f.    On or about July 14, 2006, in the Bronx, New York, CHRISTIAN SALAS, the defendant, possessed approximately $500,000 in the proceeds of illegal narcotics trafficking.

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

    4.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, HARRY VARGAS, a/k/a "Mo," a/k/a "Peter Perez," "P Murder," a/k/a "Dough Boy," DANNY CHOU, a/k/a "Chino," SALEM LNU, BENJAMIN RIVERA, a/k/a "Papo," CHRISTIAN SALAS, LOUIS MORAN, a/k/a "Flaco," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to:

        a.    a sum of money equal to approximately $5

3

million in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offense for which the defendants are liable.

      5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

      (Title 21, United States Code, Sections 841(a)(1) and 853.)

_____  _____
FOREPERSON                  MICHAEL J. GARCIA
                            United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

HARRY VARGAS,
a/k/a "Mo,"
a/k/a "Peter Perez,"
a/k/a "P Murder,"
a/k/a "Dough Boy,"
DANNY CHOU,
SALEM LNU,
BENJAMIN RIVERA,
CHRISTIAN SALAS,
LOUIS MORAN, a/k/a "Flaco,"

Defendants.

### INDICTMENT

07 Cr. _____

(Title 21, United States Code, Section 846.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

Indictment filed arrest warrants issued

J. Moos, USMJ

12/6/07